[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14891
Non-Argument Calendar

_____

D. C. Docket No. 06-00492-CV-T-27-TGW

DEBORAH SCALONE, an individual,

                                        Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC., a Georgia
corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Deborah Scalone appeals the district court's grant of defendant Home Depot U.S.A., Inc.'s motion for summary judgment as to her complaint alleging, *inter alia*, retaliation for opposing unlawful employment practices, raised pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Scalone raises three issues on appeal, which we address in turn.

I.

Scalone first contends that, in granting summary judgment in favor of Home Depot on her retaliation claim, the district court erred by not construing the facts in the light most favorable to her, the non-moving party. Scalone asserts there were three factual matters that were not construed in a light most favorable to her. First, Scalone asserts there was inconsistent testimony with regard to the events surrounding her termination. Specifically, Scalone contends Pat Dixon, a District Manager, was supposed to be involved in all "performance discussions," but he was not involved in her termination. She further avers Carlos Fines, the manager at the store where she worked and about whose sexually inappropriate comments she had previously complained, testified he was not involved in her termination, but there was evidence he was involved. Next, Scalone contends the facts showed Home Depot violated its own policies in the decision to terminate her. She asserts Dixon acknowledged Home Depot did not follow its procedures when it terminated

2

her. Scalone claims this created a genuine issue of material fact with regard to the issue of pretext. Finally, Scalone states she testified the Home Depot employment policy, the violation of which provided the basis for her termination, was "used for guidance and as a tool, but not as a rigid set of rules," and "[e]ven if it was a "rigid set of rules," her violation "would not be considered a 'major violation' subjecting her to termination."

We review a district court's grant of summary judgment *de novo*. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). A court shall grant summary judgment when the evidence shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (quotations omitted).

To the extent there was any "confusing and inconsistent" testimony from Home Depot's witnesses, the district court's order drew all material factual inferences in Scalone's favor. As to her contention Dixon was not involved in her termination, the district court noted in granting summary judgment that when Lance Chewning informed Fines about Scalone's alleged Job Preference Process

3

(JPP) violations, Fines reported the information to Annette Blackerby, the Regional Human Resources Manager, instead of Dixon, in contravention of what Fines had previously been told by Dixon.

Scalone's contention there was conflicting testimony regarding whether Fines was involved in the decisional process regarding Scalone's termination distorts the record. Scalone's argument there was a contradiction between Fines's contention he did not know why Scalone was fired and testimony from Blackerby that she spoke with Fines just prior to terminating Scalone is not supported by the record. The record shows Blackerby spoke with Fines immediately upon arriving at the store to investigate the incident and not, as Scalone contends, immediately before terminating her. Additionally, Scalone was not terminated until several days after Blackerby and Fines spoke. There was evidence that, before Blackerby arrived to interview Scalone, Fines stated it was the best day of his life. However, there was no indication Fines knew Scalone was going to be fired. In light of the foregoing evidence, the district court found Fines had a retaliatory animus. Nevertheless, the district court found this was insufficient to establish pretext because Fines did not make the decision to terminate Scalone, but rather, Blackerby made the decision after conducting an independent investigation. Scalone does not challenge that finding on appeal.

With respect to Scalone's contention the process used to terminate her violated Home Depot's policies, the district court clearly and explicitly assumed Home Depot had not followed its own policies when it terminated her. Despite this, the district court found Scalone had failed to demonstrate the deviation was discriminatory to her because she did not present evidence the policies were applied differently to other employees. Scalone does not challenge that finding on appeal. Therefore, Scalone's contention the district court did not draw such an inference in her favor is without merit.

Scalone's contention on appeal that JPP was not a rigid set of rules but was "guidance" is not supported by the record. On appeal, she points only to her own testimony that she believed JPP was used only for guidance. Scalone's subjective belief that JPP was merely guidance does not create a genuine issue of material fact where Home Depot submitted its written policy showing that JPP was mandatory. *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (holding allegations in affidavits must be based on personal knowledge, and not based, even in part, "upon information and belief" in order to create a genuine issue of material fact). Moreover, Scalone also testified she knew JPP was mandatory and its violation was grounds for immediate termination.

Further, she points to no evidence in the record to support her contention that, even if JPP was mandatory, failure to comply would not be considered a major violation. Such "naked assertions" are not enough to place in dispute a genuine issue of material fact. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1332 (11th Cir. 1998) (explaining unsupported or unexplained assertions are not evidence of pretext). Thus, we conclude the district court did not fail to draw from the evidence reasonable factual inferences in favor of Scalone.[1]

## II.

Next, Scalone asserts the district court erred by finding she failed to establish a *prima facie* case of retaliation because she had not shown causation. "A *prima facie* case of retaliation contains three elements: first, the plaintiff engaged in statutorily protected conduct; second, the plaintiff suffered an adverse employment action; and finally, the adverse action was causally related to the protected expression." *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002) (quotations omitted).

---

[1] Scalone, in a footnote, states (1) there was "questionable testimony" regarding Blackerby's hiring practices, (2) Scalone had introduced the affidavit of Cheryl New, but the district court dismissed it as hearsay. Scalone does not further elaborate on these points. Therefore, Scalone has waived these issues. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue).

"We construe the causal link element broadly so that a plaintiff merely has to prove that the protected activity and the adverse action are not completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (quotations and alterations omitted). This element is satisfied if the plaintiff provides "sufficient evidence of knowledge of the protected expression and that there was a close temporal proximity between this awareness and the adverse action." *Id.* (quotations and alteration omitted). Where there is no other evidence of causation, a complaint of retaliation fails as a matter of law if there is a substantial delay between the protected activity and the adverse employment action. *Id.* We have held a three month period between the protected activity and the adverse action does not, by itself, establish the element of causation. *Id.* at 1221.

Despite her contentions to the contrary, Scalone does not rely on any evidence other than temporal proximity to establish the element of causation.[2] The

---

[2] We disregard Scalone's notation, in a footnote of her appellate brief, that Fines was disciplined one month after Scalone engaged in protected activity. Scalone appears to contend the time between the protected activity and the adverse employment action is equal to the time between any action taken as a result of the employee's protected activity and the adverse employment action. Scalone does not elaborate, however, or provide legal support for this contention. Scalone also provides no legal support for her equally brief contention the relevant time period should be considered shorter because of periods when either she or Fines was on vacation. While Scalone notes she later "voiced her concern with regard to Fines after his discipline," she does not elaborate on this contention or make any argument based on it. Accordingly, we consider any issues arising from these contentions waived. *See Greenbriar, Ltd.*, 881 F.2d at 1573 n.6 (an issue is waived on appeal where the party "elaborates no arguments on the merits as to [the] issue in its initial or reply brief").

temporal proximity of Scalone's protected activity in October 2004 to the adverse employment action in March 2005, approximately five months later, is insufficient by itself to establish causation. *See Higdon*, 393 F.3d at 1221. Therefore, the district court did not err in finding Scalone could not establish causation based on temporal proximity alone.

## III.

Finally, Scalone argues the district court erred by not allowing the plausibility of Home Depot's proffered reasons for terminating her to be determined by a jury. She argues the record evidence indicated the implementation of Home Depot's policies was "erratic."

Where the defendant offers the plaintiff's violation of a work rule as its reason for terminating the plaintiff, the reason "is arguably pretextual when a plaintiff submits evidence (1) that she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class, who engaged in similar acts, were not similarly treated." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 (11th Cir. 1999).

Scalone does not dispute the district court's findings she failed to conduct a structured interview in accordance with JPP and she entered false information into Home Depot's computer system. Further, Scalone testified she knew JPP was

8

mandatory and that its violation was grounds for immediate termination. Additionally, Scalone has not come forward with admissible evidence of similarly situated employees who committed the same violation and were punished less harshly. She points to no evidence in the record to support a finding that Home Depot's proffered legitimate, non-retaliatory reason for her termination, the violation of the hiring policies, was pretextual. Therefore, the district court did not err by finding that she failed to establish pretext.

## IV.

The district court drew all reasonable factual inferences in favor of Scalone, and did not err in finding Scalone failed to establish a *prima facie* case of retaliation or pretext. Thus, we affirm.

**AFFIRMED.**